**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

**CIVIL ACTION NO: 4:03CV-184-M**

**JAMES BAYMON AND HIS WIFE,
EARLY LORENE BAYMON**                                                      **PLAINTIFFS**

**V.**

**STATE FARM INSURANCE COMPANY**                            **DEFENDANT**

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on a motion for summary judgment by Defendant, State Farm Fire & Casualty Company[1] [DN 34]. Fully briefed, this matter stands ripe for decision. For the reasons set forth below, the motion by the Defendant for summary judgment is **GRANTED.**

### I. BACKGROUND

Plaintiffs, James and Early Baymon ("the Baymons"), bring this action to recover insurance proceeds under their homeowner's policy resulting from the complete destruction of their home by fire. Defendant, State Farm Fire & Casualty Company ("State Farm"), denied the claim alleging the Baymons made material misrepresentations their financial condition at the time of the fire and that the fire was intentionally set by the Baymons or by someone at their direction. Plaintiffs brought suit in state court alleging State Farm breached the policy contract, acted in bad faith in denying their claim, and violated the Kentucky

---

[1] The Defendant was incorrectly identified as "State Farm Insurance Company" in the complaint and subsequently, all documents in the record.

Consumer Protection Act ("CPA").  The Defendants removed the case to this Court and now move for summary judgment.

## II. LEGAL STANDARD

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986).  The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e) (emphasis added).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  Anderson, 477 U.S. at 252.  The facts are largely undisputed, and the Court reviews only the uncontested facts and legal arguments.

## III. DISCUSSION

State Farm maintains that the Baymons made material misrepresentations which void the policy. The policy reads in pertinent part:

> 2. **Concealment or Fraud.** This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

State Farm also argues that the fire was intentionally set by the Baymons. The policy reads in pertinent part:

> 14. **Intentional Acts.** If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.

State Farm also seeks Summary Judgment on the bad faith and CPA claims arguing that these claims are not viable unless there is coverage. State Farm argues that at the very least, coverage was "fairly debatable" and these claims should be dismissed.

State Farm asserts the Baymons made multiple misrepresentations during the course of presenting their claim, including 1) that all house payments and property taxes were current, 2) that they were financially stable, and 3) that they had never been sued. These representations were admittedly made when in truth, the house payments and property taxes were delinquent and the property was being foreclosed upon. The fire occurred five days prior to a scheduled judicial sale of the property.

In responding to State Farm's motion, the Baymons focused mainly on whether the

3

bad faith claim should be dismissed and paid little attention to the arguments made by State Farm as to coverage. The only explanation given as to the misrepresentations was that the Baymons did not realize they were the targets of an investigation at the time of the questioning and that the adjustor asked inappropriate questions. An argument was also made that the adjustor should not have given the Baymons an opportunity to lie by asking questions that he knew the answers to.

Insurance policies are contracts, and insofar as a policy does not contravene the law, any recovery from the insurer is governed solely by the policy's terms. State Farm Mut. Ins. Co. v. Fireman's Fund Am. Ins. Co., 550 S.W.2d 554, 557 (Ky. 1977). Concealment and fraud provisions are uniformly held valid so as to defeat recovery under insurance policies if insureds intentionally make false statements. Great Amer. Ins. Co. of N.Y. v. Clayton, 57 S.W.2d 467 (Ky. 1932). The Plaintiffs fail to satisfactorily explain or justify their false statements. Plaintiffs' expert conceded that the financial information the Baymons lied about was material. The information relates directly on whether the Baymons had a motive to burn their home for the insurance proceeds. The fact that the State Farm investigators did not ask the financial questions in a form the Baymons would have preferred, does not excuse the misrepresentations. Likewise, the fact that the Baymons admitted later in the investigation that they were in financial difficulty and were aware of the foreclosure proceedings can not undo their earlier misrepresentations. Since the Baymons intentionally misrepresented material facts after the loss, the policy is void according to its terms.

In order to prevail in a bad faith claim, the Plaintiffs must prove that: 1) State Farm

was obligated under the policy to pay; 2) State Farm lacked a reasonable basis in law or fact for denying the claim; and 3) State Farm knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether a reasonable basis existed at all. Wittmer v. Jones, 864 S.W.2d 885, 890 (Ky. 1993) (internal citations omitted). The Kentucky Supreme Court has ruled that "absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute." Davidson v. American Freightways, Inc., 25 S.W.3d 94, 100 (Ky. 2000). As discussed above, there is no coverage under this policy due to the Baymons' admitted misrepresentations, thus Plaintiffs' bad faith claim must be dismissed.

Even if there was coverage under the policy, State Farm had a reasonable basis for denying the claim. See Wittmer at 889. In Wittmer, a plaintiff brought an action against an insured defendant and her insurer, State Farm, arising from an automobile accident from which State Farm refused to pay. Id. at 889. The Daviess Circuit Court entered judgment awarding damages to the plaintiff from the accident itself and a judgment for the defendant insurer on the bad faith claim. Id. at 885. The plaintiff appealed asserting that if State Farm was liable under its policy with its insured, the plaintiff should have been awarded damages for bad faith. The Kentucky Supreme Court held that the insurer complied with its duty to negotiate with plaintiff in good faith. Id. at 890. They reasoned that an "insurer is entitled to challenge a claim [if the claim] is debatable on the law or the facts." Id. Under the facts of this case, particularly considering the false statements made by the insureds, State Farm had a reasonable basis to deny the claim.

5

Plaintiffs alleged that State Farm violated the Kentucky CPA in failing to deal with their claim in good faith. The Wittmer court held that the same three elements necessary to prove bad faith also must be proven in a CPA claim. Id. at 890. The court reasoned that there can be no "technical violation" of the CPA. When an insurer acts within the confines of its policy with the insured, the dispute is contractual, not tortious. Id. at 890. Thus, the same reasons that support dismissal of the bad faith claim, support the dismissal of the CPA claim.

### IV. CONCLUSION

For the reasons foregoing, the motion by the Defendant for summary judgment [DN 34] is **GRANTED.**

**CC: Counsel of Record**

U:\documents\StateFarmSJOpn403cv184(1).wpd